909 F.2d 1483
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Emmanuel MITCHELL, Plaintiff-Appellant,
v.
Otie JONES, Warden, Castell Assoc. Warden; James Fowler,
Lt., Darrell Renfro, Cpl., Gary Murray, Sgt., S. Armes, J.
Daugherty, H. McCarth, M. Armes; J. Aytes, B. Shillings,
Joseph Crichton, Defendants-Appellees.
 No. 89-6240.
 United States Court of Appeals, Sixth Circuit.
 Aug. 2, 1990.
 
 Before KENNEDY, BOGGS and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Emmanuel Mitchell, a Tennessee state prisoner, requests the appointment of counsel and a change of venue on remand and appeals from the dismissal of his civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Mitchell sued several employees of the Brushy Mountain State Prison, seeking declaratory, injunctive and monetary relief. The complaint alleged that Mitchell had received several false disciplinary charges, had been denied due process at the resulting disciplinary hearings, had had property taken from his cell, was being held in unconstitutional conditions, and had been threatened and verbally abused by a guard. The district court dismissed the claims as frivolous pursuant to 28 U.S.C. Sec. 1915(d) and denied Mitchell's motion for reconsideration. Mitchell appealed the dismissal, raising the same arguments.
 
 
 3
 Upon consideration of the record, we find that the complaint was properly dismissed, as it lacks a basis in law. See Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). The record shows that Mitchell received all the process due him at the disciplinary hearings. See Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). A state remedy is available to redress unauthorized deprivation of property. See Smith v. Rose, 760 F.2d 102, 106 (6th Cir.1985). The remainder of Mitchell's claims are similarly meritless.
 
 
 4
 Accordingly, the requests for counsel and a change of venue are denied, and the district court's order is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.